# SUPREME JUDICIAL COURT

### FOR THE

## COUNTY OF WORCESTER, OCTOBER TERM 1842, AT WORCESTER.

PRESENT:

Hon. LEMUEL SHAW, Chief Justice.
Hon. SAMUEL S. WILDE,
Hon. CHARLES A. DEWEY, } Justices.
Hon. SAMUEL HUBBARD,

## HARDING P. WOODS & another *vs.* ABEL RICE.

A. sued B. and summoned C. as his trustee : The three parties afterwards agreed that the question whether C. was indebted to B., and if so, to what amount, should be decided by certain referees, and that if they should decide that he was not so indebted, he should be discharged from the trustee process, but if they should decide that he was so indebted, he should make his answer to said process accordingly, or become charged therein to the amount in which the referees should decide that he was so indebted. *Held*, that this agreement was made on a sufficient consideration, (viz. mutual promises,) and that upon C.'s refusal to make an answer in the trustee process, within a reasonable time after the referees had made and published a valid award that he was indebted to B. in a certain sum, A. might maintain an action against C. and recover all the damages caused by such refusal.

Where one who was summoned in a trustee process promised to make his answer after certain referees should make an award, it was held that as no time was agreed upon, within which the answer should be made, he was bound to make it within a reasonable time after the publication of the award ; and when the award was published on Monday of the second week of the term of the court in which the trustee process was pending, and the court was in session during the whole of that week and no longer, it was held that the party had broken his agreement by not making his answer during that week.

THE declaration, in this case, alleged that on the 18th of March 1839, Ephraim S. Sprague was indebted to the plaintiffs in the sum of $ 500, and that, for the recovery thereof, the

plaintiffs, on that day, sued out a writ returnable to the court of common pleas then next to be held in this county, and summoned the defendant and others as trustees of said Sprague; and that the defendant, on the 25th of November 1839, entered into the following agreement with the plaintiffs : "An agreement entered into by and between Abel Rice, of the first part, and Harding P. Woods and Spencer Field, of the second part, and Ephraim S. Sprague, of the third part, witnesseth, that whereas there is an action now pending in the court of common pleas at Worcester, in which said Woods and Field are plaintiffs, and the said Sprague, principal, and said Rice, trustee ; and whereas, at the time of the service of the said trustee process, there were mutual accounts and demands between said Rice and Sprague, of long standing and unadjusted ; therefore, to enable said Rice to disclose his indebtedness, if any, to said Sprague, at the time of the service of the said process, and that justice may take place between the parties to this agreement, the said Rice, in consideration of the agreement of said Sprague and of the said Woods and Field, and the other parties, in consideration of the agreement of said Rice, &c. agree to submit their respective accounts and demands to referees " [named] " for inspection and determination of the amount of said Rice's indebtedness at the time aforesaid ; and said Rice agrees with said Woods and Field that he shall not disclose, as trustee in said action, till after the referees have determined, &c. ; and if the referees, after hearing, on notice, shall determine that said Rice was indebted to said Sprague, said Rice agrees to disclose, or become charged as trustee, to the amount said referees shall determine was due : And said Woods and Field agree that said Rice shall be discharged, if the referees decide that said Rice was not indebted to said Sprague."

The declaration then averred that the referees, on the 9th of December 1839, made their award — " that the said Rice is, and at the time of the service of the trustee process on him, was indebted to said Sprague in the sum of $ 351·81, and that said Rice disclose and become charged as trustee to that amount : " That said Rice had notice of said award, but had not disclosed

nor become charged in said action, according to the force and effect of said award, but had neglected and refused so to do ; by means whereof the plaintiffs had failed of obtaining judgment in their said action, and satisfaction of their said debt against said Sprague.

The case was submitted to the court on the following statement of facts which were admitted, and testimony which was given, at a hearing before a jury : The execution of the contract set forth in the plaintiffs' writ, the hearing of the parties by the referees, the award of the referees, and publication of the award on the evening of Monday the 9th of December 1839, at Barre, were admitted. The court of common pleas was in session at Worcester, at the time of the publication of the award, and continued in session till Saturday the 14th day of said December. The defendant appeared at the first term and was desirous of answering as trustee in the action of the plaintiffs against Sprague, but was induced by the plaintiffs' counsel not to answer at that time, as said counsel was not acquainted with the merits of the case ; upon an agreement being made by said counsel, that the defendant need not come to Worcester again to answer, and that the answer should be made at the office of A. Brooks jr., in Petersham.

N. F. Bryant, the plaintiffs' attorney in the trustee suit, testified that he was present at the time the reference was had and the decision made known : That when the award was announced, he told the defendant he might give his due bill, or send to Worcester his disclosure, and save expense ; that he might disclose to him (Bryant) the amount, and he would bring it to Worcester ; that the defendant replied, that he should not disclose at all. Said Bryant further testified, that he saw the defendant the next day after the award was made known, viz. on Tuesday, at Barre, and inquired of him why he would not pay the amount or disclose it. The defendant said he did not think the reference a fair one ; that he had not a fair opportunity to present his claims ; that he asked for an adjournment and it was refused to him ; that witnesses testified unfairly ; and that he should not disclose the amount, and should pay no regard to it

The witness reminded the defendant of the agreement, and asked him if he thought he could get rid of it ; the defendant said that remained to be seen. Said Bryant farther testified, that the referees were together on Saturday, and again on Monday, and that his proposition to the defendant to give his due bill was on Monday evening, five or ten minutes after the award was made : That the counsel for the defendant before the referees was in the house where the award was published, at the time it was published, being on his way to Worcester ; and that the witness requested him to go and hear the award, but that he did not go and hear it. The witness also stated that the reference was had at the time with a view to have the defendant disclose at that term ; that it was talked of between himself, the defendant, and Woods, one of the plaintiffs ; and that it was the request of all parties, that the award should be made known.

On the 27th of January 1840, the said Sprague made application to a master in chancery for the benefit of the insolvent act of 1838, and in March following was discharged by virtue of said act, as an insolvent debtor. His estate, which passed into the hands of his assignees, was inconsiderable compared with his debts.

At the March term 1840, of the court of common pleas, the defendant appeared and answered in said trustee process, and was discharged by the court by virtue of the said insolvent act, *St.* 1838, *c.* 163.

If any of the foregoing evidence is inadmissible by law, the same is to be considered as stricken out.

This case was argued at the last October term.

*C. Allen,* for the plaintiffs.

*Brooks,* for the defendant.

SHAW, C. J. The court are of opinion that the promise of the plaintiffs was made on good consideration. They sued Sprague, and summoned the defendant as his trustee, on the ground that the defendant was the debtor of Sprague. This was affirmed by Sprague and denied by the defendant. The agreement to refer was by Sprague and the plaintiffs, on the one side, and the defendant on the other. The consideration for the

promise to abide the award, on the part of the defendant, was the mutual promise of Sprague to abide the award also, if it should be against him. This also constituted a good consideration for the promise of the defendant to the plaintiffs. Without the consent of the plaintiffs, Sprague and the defendant could not refer the matter in controversy. The fact of submitting to arbitration is evidence that both Sprague and the defendant desired to have their controversy so adjusted ; and the plaintiffs' consent being necessary, their agreement to be bound by the same award was a good consideration for the defendant's promise to abide.

The other point made by the defendant is, that by the promise of the defendant, he was under no obligation to make his answer at the December term ; that he did make it at the ensuing term ; and that it was not his fault that in the mean time the plaintiffs lost the benefit of their attachment, by the intervention of a commission of insolvency against Sprague. This depends upon the terms of the agreement. There being no time fixed, by the terms of the agreement, for making the trustee's answer, after the award, it was to be done within a reasonable time. The meeting of the referees, for hearing the parties, was had a week before the rising of the court, on a Saturday ; and by mutual consent, the award was published on the next Monday This afforded ample time for the defendant to make his answer before the court rose. If we go into the parol evidence to show an excuse, to wit, that the defendant's counsel was absent, the same parol evidence proves abundantly, that the defendant forebore making his answer, not because his attorney was absent. His attorney was in fact present in town, though not before the referees when they opened their award. The defendant omitted to make his answer, because he thought he had a valid objection to the award, and did not intend to comply with it. If this objection had been well founded, it would present a very different question. His promise was, in legal effect, to abide by a valid and binding award, and none other. If, therefore, he could now show that the award was for any cause void, he would show that his promise was not broken. But that ground

41*

being abandoned, and it not being denied that the award was a valid one, the court are of opinion that the defendant was bound to make his answer at that term ; that the postponement of it to the ensuing term was not a compliance within reasonable time ; and that, as by means of the delay the plaintiffs lost the benefit of their attachment, they are entitled to judgment against the Lefendant for the amount which they would have held under the trustee attachment, if the defendant had answered and charged himself, at the December term, with the amount of the debt as awarded.